UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| PATRICK J. CONIGLIO, | ) | CASE NO. 1:05 CV 2181 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| ALAN LAZAROFF, WARDEN, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

On September 15, 2005, petitioner Patrick J. Coniglio filed the above-captioned petition for writ of habeas corpus under 28 U.S.C. § 2254. Mr. Coniglio maintains that the Ohio Administrative Adult Parole Authority (OAPA) breached his plea agreement by continuing his parole hearing for seven years. For the reasons stated below, the petition is denied and this action is dismissed.

*Background*

Mr. Coniglio was indicted in 2001 on one count of rape, a first degree felony in violation of Ohio Revised Code § 2907.02, one count of gross sexual imposition, a third degree felony in violation of Ohio Revised Code § 2907.05, and two counts of pandering sexually oriented matter involving a minor, a second degree felony in violation of Ohio Revised Code § 2907.322. He entered into a plea agreement with the state which required him to plead guilty to one count of attempted rape of a child under 13 years of age, in violation of Ohio Revised Code §§ 2907.02 and 2923.02. In exchange for his guilty plea to this crime, the remaining charges were dismissed by the

state. On August 31, 2001, he was sentenced to an indefinite sentence of 3 to 15 years incarceration.[1] Mr. Coniglio appeared before the OAPA for his first parole hearing in 2003. He was denied release and his hearing was continued until 2010.

Thereafter, Mr. Coniglio filed a Motion to Withdraw his Guilty Plea pursuant to Ohio Criminal Rule 32.1. In the Motion, he claimed: (1) his guilty plea was not entered knowingly, intelligently nor voluntarily because the colloquy pertaining to the consequences of the plea was not meaningful, resulting in a manifest injustice because he did not understand his parole eligibility; (2) his guilty plea was not entered knowingly, intelligently nor voluntarily because it was based on a plea agreement which was illusory on the issue of parole eligibility; and (3) his guilty plea was not entered knowingly, intelligently nor voluntarily because his plea agreement was unilaterally modified by the OAPA when he was not released on parole. The Motion was denied in February 6, 2004.

Petitioner then filed a Notice of Appeal to the Ohio Eighth District Court of Appeals. In his appeal, he asserted three assignments of error: (1) his guilty plea was not entered knowingly, intelligently nor voluntarily because the court's colloquy did not adequately explain the effects and consequences of his plea; (2) his guilty plea was not entered knowingly, intelligently nor voluntarily because the agreement was illusory and unconscionable; and (3) the trial court erred by failing to conduct a hearing before denying his Motion to Withdraw his Guilty Plea. The Eighth District Court of Appeals affirmed the denial of the Motion to withdraw guilty plea on December 16, 2004.

Mr. Coniglio states he filed a notice of appeal to the Ohio Supreme Court. He

---

[1] Because the offense occurred prior to the July 1, 1996 effective date of Ohio Senate Bill 2, Mr. Coniglio received an indefinite sentence.

asserted only one error: the court of appeals erred by affirming the denial of his Motion to Withdraw Guilty Plea when he had proved there was a breach of his plea agreement tantamount to manifest injustice. He does not expound upon this assertion. On August 10, 2005, the Ohio Supreme Court decline to consider his case.

In this federal habeas corpus petition, Mr. Coniglio asserts only one ground for relief. That ground for relief; however contains several parts which appear to be distinct theories of relief. He states that when he entered his plea, he was misled to believe he would receive a definite sentence. He claims the trial judge told him he would "pick a number between 3 and 15 years" and he did not understand that he would be receiving an indefinite sentence, with parole eligibility to be determined by the OAPA. (Pet. at 6.) He claims the plea colloquy therefore denied him due process.

Mr. Coniglio also further asserts that the OAPA looked to the original indictment when it considered his suitability for release. He claims it increased his parole eligibility from three years to 120 months and cites the Ohio Supreme Court's decision in <u>Layne v. Ohio Adult Parole Authority</u>, 97 Ohio St. 3d 456 (2002).

Finally, Mr. Coniglio contends the OAPA unilaterally modified the terms of his plea agreement by failing to release him on parole after the expiration of three years less good time credits and continuing his parole hearing until 2010. He claims he would never have agreed to a change from release in three years less good time credits to release in nine or even fifteen years. He asserts that the plea agreement is therefore illusory.

*Exhaustion of State Court Remedies*

A federal court may grant a petition for a writ of habeas corpus filed by a person in

state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States and only if "it appears that ... the applicant has exhausted the remedies available in the courts of the State...." 28 U.S.C. § 2254(a) &(b)(1); Hannah v. Conley, 49 F.3d 1193, 1196 (6th Cir. 1995) (per curiam); Clemmons v. Sowders, 34 F.3d 352, 354 (6th Cir. 1994). The United States Court of Appeals for the Sixth Circuit has determined that "[t]he exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990) (citations omitted). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). For the claim to be exhausted, it must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law. Koontz v. Glossa, 731 F.2d 365, 369 (6th Cir. 1984). Moreover, the claim must be presented to the state courts under the same theory in which it is later presented in federal court. Wong v. Money, 142 F.3d 313, 322 (6th Cir. 1998). It cannot rest on a theory which is separate and distinct from the one previously considered and rejected in state court.

It does not appear that Mr. Coniglio exhausted his state court remedies for each of the claims he asserts in his petition. Although his statement of the claims he raised in the Ohio courts is fairly vague, it appears arguable that most of his claims were reviewed by the Ohio courts through his attempts to withdraw his guilty plea. It is difficult to tell whether he raised in the state courts his claim that he was misled to believe he was receiving a definite sentence. None of the grounds for relief asserted in the Eighth District or the Ohio Supreme Court would conclusively

4

demonstrate exhaustion of this claim. Furthermore, there is no indication that he asserted his claim under Layne during any of the state court proceedings. Indeed, a challenge to parole release determination under Layne cannot properly be asserted in the context of a Motion to Withdraw Guilty Plea. These claims must be brought in the Ohio courts in a declaratory judgment action or mandamus action. See State of Ohio v. Hall, Case No. 2003-T-0114, 2004 WL 2785544, slip op. at *11 (Ohio 11 Dist. Ct. App. Dec. 6, 2004)(stating "appellant's motion clearly indicates he did not wish to withdraw his plea per se, but instead ...wanted to compel the parole board to classify him pursuant to Layne"). A district court must dismiss a habeas petition which contains both unexhausted and exhausted claims. Rose v. Lundy, 455 U.S. 509, 522 (1982). Because he clearly has a viable remedy for relief in state court, he must exhaust that remedy before proceeding with a federal habeas corpus action.

*Conclusion*

Accordingly, this action is dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

  s/John R. Adams December 29, 2005
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE